**SIEMENS WESTINGHOUSE POWER CORPORATION, Plaintiff,**

v.

**DICK CORPORATION,**
**Defendant/Counterclaim Plaintiff,**

**Continental Casualty Company and National Fire Insurance Company of Hartford, Defendants.**

**Dick Corporation, on Behalf of the Consortium of Dick Corporation and Siemens Westinghouse Power Corporation, and Individually, Third–Party Plaintiff,**

v.

**AES Londonderry, L.L.C., Sycamore Ridge, L.L.C., Stone & Webster, Inc., Limbach Company and Sachs Electric Company, Third–Party Defendants.**

**No. 03 CIV. 364(VM).**

United States District Court, S.D. New York.

Jan. 21, 2004.

Gregory N. Chertoff, Peckar & Abramson, P.C., New York City, for Plaintiff.

John T. Bergin, Richard M. Preston, Seyfarth Shaw, Washington, DC, John C. Sabetta, New York City, for Defendant.

*AMENDED ORDER*

MARRERO, District Judge.

By letters dated January 20 and January 21, 2004, plaintiff Siemens Westinghouse Power Corporation ("SWPC") and defendant Dick Corporation ("Dick") requested clarification of the Court's Decision and Order dated January 14, 2004 (the "January Order"). The January Order, among other things, enters judgment on SWPC's behalf in accordance with a previous Decision and Order, dated October 14, 2003 (the "October Order"), in which the Court had stayed entry

of the judgment. *See Siemens Westinghouse Power Corp. v. Dick Corp.,* 293 F.Supp.2d 336 (S.D.N.Y.2003). SWPC correctly points out that the January Order inadvertently omitted a term set forth in the October Order, specifically, that defendants Continental Casualty Company and National Fire Insurance Company of Hartford (collectively, the "Sureties") would be jointly and severally liable to the extent of the liability of defendant Dick Corporation ("Dick"). The January Order mentioned only Dick's liability and omitted the Sureties' liability. Accordingly, the January Order shall be amended, as stated in this Amended Order, to make the appropriate change.

■ The parties dispute whether the January Order is intended to be a final judgment for purposes of Federal Rule of 54(b), which addresses the situation, such as here, where a court's decision disposes of some, but not all, of the claims in a case. SWPC asserts that the January Order should be considered a final judgment because the January Order directs the Clerk of Court to enter judgment in its favor. SWPC apparently would like to collect on the substantial sum of money to which it would be entitled under the January Order. *See* 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2661, at 155 (3d ed.1998) ("Rule 54(b) . . . enables . . . a writ of execution to be issued to begin the process of collecting any damage award."). Dick counters that the January Order did not make the requisite "express determination that there is no reason for delay," *see* Fed. R.Civ.P. 54(b), and highlights "the normal rule that no appeal be heard until the entire case has been completed." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra* § 2659, at 109–110.

■ The Court did not intend the January Order to be a final judgment under Rule 54(b), even though the Court used the language of "judgment." The Court agrees with Dick that, as a general rule, the policy against piecemeal review counsels against routinely entering otherwise interlocutory orders as Rule 54(b) final judgments. *See Arlinghaus v. Ritenour,* 543 F.2d 461, 463–64 (2d Cir.1976). Should SWPC, or any other party, seek such an order, they may do so by motion.

Accordingly, the January Order is amended to substitute the following Amended Order.

It is hereby,

**ORDERED** that the motion of defendant and third-party plaintiff Dick Corporation ("Dick") for leave to amend and file a second amended answer and counterclaim is granted in part and denied in part. To the extent Dick seeks to add or update claims or defenses of negligent misrepresentation or fraudulent concealment, the motion is denied. In all other respects the motion is granted; it is further

**ORDERED** that Dick, defendant Continental Casualty Company, and defendant National Fire Insurance Company of Hartford are found liable, jointly and severally, to plaintiff Siemens Westinghouse Power Corporation ("SWPC") for breach of contract in the amount of $15,041,327.98, in accordance with the Court's Decision and Order dated October 14, 2003; it is further

**ORDERED** that the first amended third-party complaint of Dick is dismissed as against third-party defendants Limbach Company, AES Londonderry, LLC, Sycamore Ridge Co., LLC, and Stone & Webster, Inc.; and it is finally

**ORDERED** that Dick's motion to amend its first amended third-party complaint is denied.

**SO ORDERED.**